■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK SMITH, Appellant.— Appeal by defendant from order of the Supreme Court, Kings County, entered December 4, 1970, which denied his motion for resentence. Appeal dismissed. No appeal taken under the former Code of Criminal Procedure lies from an order denying resentence on the ground that it was excessive. However, we have considered appellant's contentions and, if the appeal were properly before us, we would affirm the order. Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED STRUNK, Appellant.— Order of the Supreme Court, Kings County, entered December 7, 1970, affirmed. The questions now raised by appellant in this *coram nobis* proceeding were raised by him and determined by this court on his appeal from the judgment of conviction (*People v. Strunk*, 37 A D 2d 575). Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM TIMOTHY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 26, 1971, convicting him of criminal possession of stolen property in the first degree, upon a jury verdict, and sentencing him to a prison term of not more than seven years, consecutive to another sentence imposed upon him by the same court in another case on January 12, 1971 (*People v. Timothy*, 40 A D 2d 954). Judgment modified, as a matter of discretion in the interests of justice, by changing the provision that the sentence be consecutive to one that the sentence shall run concurrently with the one imposed January 12, 1971. As so modified, judgment affirmed. In our opinion, it was an improvident exercise of discretion to provide that the sentence be consecutive to, rather than concurrent with, the prior sentence. Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.